TERRELL v. WRIGHT.

Opinion delivered July 13, 1908.

NUISANCE—PLANING MILL.—The operation of a planing mill in a city will not be enjoined as being a nuisance to plaintiffs living in its vicinity on account of noise and smoke if a preponderance of the testimony shows that the noise and smoke complained of was a mere inconvenience or trivial annoyance at most, and not such as to render the homes of plaintiffs uncomfortable and unbearable.

Appeal from Ouachita Chancery Court; *Emon O. Mahoney,* Chancellor; affirmed.

*H. S. Powell* and *Campbell & Stevenson,* for appellant.

It is not contended that a planing mill is a nuisance *per se,* but, when a lawful business conducted in a residential part of a town or city is attended with such noise, or occasions smoke and soot to such an extent, as to cause material discomfort, distress

or injury to ordinary and normal persons living in the vicinity, it becomes a nuisance, and may be enjoined as such. It is not necessary that the owner be actually driven from his dwelling, but it is sufficient if the ordinary use and enjoyment of his home as such is impaired or rendered physically uncomfortable to him. Previous existence of other nuisances of similar character will not excuse the maintenance of a new one which constitutes a material addition to those already existing. Nor is it an excuse that the business is located in a convenient spot for carrying on such business. 21 Am. & Eng. Enc. of Law, 695; 2 Sim. (N. S.), 133; 3 Eng. Cas. (L. R.), 409; Joyce on Nuisances, § 95, p. 192; Id. § 143; 5 C. E. Green (N. J.), 201, 205; 12 L. R. A. 53, 55, 56 and cases cited; 9 L. R. A. 711; 108 U. S. 317; 103 N. Y. 21; 72 Cal. 248; 55 Conn. 31, 3 Am. St. Rep. 17; 22 N. J. Eq. 25.

*Gaughan & Sifford,* for appellee.

This is a lawful business, and before it could be declared a nuisance the discomfort resulting from its maintenance must be substantial and cause a tangible damage, must be such as would materially affect the comfort and home enjoyment of a normal person. The mere fact that it may create some inconveniences or those noises which are incident to city life is not sufficient to justify an injunction. 12 L. R. A. 53; 98 Am. Dec. 221; 85 N. C. 358; 73 N. C. 232.

HILL, C. J. Terrell and Watts brought suit in chancery to enjoin Wright from operating a planing mill situated upon a lot owned by him, near which the plaintiffs had their residences, alleging that it was a nuisance, and rendered their homes uncomfortable by reason of its noise, smoke, soot and cinders. The planing mill was located on the block between Jefferson and Jackson streets in the city of Camden. The Iron Mountain railroad is operated across the block, and the electric light plant is also on the same block, immediately west and adjoining the mill. California Street is west of the electric light plant, and adjoins it. Plaintiff Watts lives on the block north of Jefferson Street; plaintiff Terrell lives on California Street. One is north of the planer, and the other west. The railroad crosses California Street at the electric light plant, and is between the residences of the plaintiffs. Near their residences is a place where loco-

motives take water from a water tank. There is a spur track from the railroad to the block where the planer is located.

The planing mill is operated with steam furnished from the electric light plant. This suit was one against the owner of the planer, and did not include the electric light plant. The ground upon which the planer was built was used as a lumber yard by Mr. Wright before he built the planer. The mill is a comparatively small one, and the machines were not placed on floors, but upon the ground, upon concrete foundations, so as to make as little noise as possible; no whistle was used, and the machinery was operated not earlier than 7 o'clock in the morning and not later than six in the evening.

A large number of witnesses testified on behalf of the plaintiffs, tending to support the allegations of the complaint, and quite as many if not more testified on behalf of the defendant, tending to support the answer, which denied the allegations of the injurious effects of the planing mill on plaintiff's homes, and alleged it was no more noisy or objectionable than the electric light plant and the water tank where the locomotives frequently made much noise in blowing off steam, cleaning out cinder boxes, etc. The chancellor refused an injunction, and the plaintiffs appealed.

In *Powell* v. *Bentley & Gerwig Furn. Co.,* 12 L. R. A. 53, the court said: "According to our settled notions and habits, there are convenient places—one for the home, one for the factory; but, as often happens, the two must be so near each other as to cause some inconvenience. The law can not take notice of such inconvenience, if slight or reasonable, all things considered, but applies the common-sense doctrine that the parties must give and take, live and let live;· for here extreme rights are not enforceable rights—at any rate, not by injunction."

This defines the situation here. That this planing mill is highly objectionable to plaintiffs and their families is unquestionably true. But that its operation is of such a nature as to deprive a normal person, living where plaintiffs live, of the comforts of home, or render living in such homes a positive discomfort, is not established by a preponderance of the testimony, and this is required before a lawful and useful business can be destroyed by a perpetual injunction. This subject was recently

considered here in *Durfey* v. *Thalheimer*, 85 Ark. 544. The court approved this statement by Chancellor Zabriskie: "The law takes care that a lawful and useful business shall not be put a stop to on account of every trifling or imaginary annoyance, such as may offend the taste or disturb the nerves of a fastidious or overrefined person. But, on the other hand, it does not allow any one, whatever his circumstances or conditions may be, to be driven from his home, or to be compelled to live in it in positive discomfort, although caused by a lawful and useful business carried on in his vicinity. The maxim, *sic utere tuo ut alienum non laedas*, expresses the well-established doctrine of the law." After a review of the authorities upon the subject, he further said: "The law, then, must be regarded as settled that when the prosecution of a business, of itself lawful, in the neighborhood of a dwelling house renders the enjoyment of it materially uncomfortable, by the smoke and cinders, or noise, or offensive odors produced by such business, although not in any degree injurious to health, the carrying on such business there is a nuisance, and it will be restrained by injunction." (*Ross* v. *Butler*, 19 N. J. Eq. 294.)

Judge Cooley said, in *Gilbert* v. *Showerman*, 23 Mich. 448: "We can not shut our eyes to the obvious truth that if the running of this mill can be enjoined, almost any manufactory in any of our cities can be enjoined upon similar reasons. Some resident must be incommoded or annoyed by almost any of them. * * * * * * Courts interfere by injunction against establishments such as mills and manufactures with great caution, and only in cases where the facts are weighty and important, and the injury complained of is of a serious and permanent character."

Numerous witneses testified, with evident sincerity and conviction, that the noises were of such a persistent and unpleasant nature as to bring positive discomfort to persons living in homes situated as those of the plaintiffs, and to material discomfort and inconvenience from smoke and cinders; and, in short, testified to facts, which, if the true situation as felt by the normal person would render a home situated as those of the plaintiffs uncomfortable and unbearable by reason of the noise and soot and smoke, thereby entitling the plaintiffs to their injunction.

On the other hand were as many or more witnesses, apparently of equal sincerity and conviction, who testified that the noise and smoke and cinders would not be more than a mere inconvenience or trivial annoyance, at most, which is too slight a cause for the law to make the basis for abating a useful business. The chancellor found that the latter view of the controversy was sustained by the evidence, and it can not be said that his finding is against the preponderance of the evidence; in fact, it is in accordance therewith, and with the principles announced in *Durfey v. Thalheimer, supra.* The judgment is affirmed.