## SWAIM v. MORRIS.

### Opinion delivered February 7, 1910.

1. MUNICIPAL CORPORATIONS—REGULATION OF BUILDINGS.—Under Kirby's Digest, § 5439, municipal corporations have the power to regulate the building of gin houses so as to guard against accidents by fire, but not to prohibit the erection of gin houses altogether. (Page 366.)

2. INJUNCTION—NUISANCE—ADEQUACY OF REMEDY AT LAW.—Where an ordinance provided that the erection of a steam cotton gin within certain territory of a town should be a nuisance, and for a fine for each day during which the ordinance was violated and for an abatement of the nuisance, the remedy at law for the maintenance of such nuisance is adequate, and resort to injunctive relief is unnecessary. (Page 366.)

3. NUISANCE PER SE—DEFINITION.—A nuisance *per se* is an act, occupation or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings. (Page 368.)

4. NUISANCE—COTTON GIN.—As a cotton gin is not a nuisance *per se*, a municipal ordinance prohibiting the erection of one as being a nuisance is too broad, and is invalid. (Page 368.)

5. INJUNCTION—NUISANCE.—Where an injunction is sought merely on the ground that a lawful erection will be put to a use that will constitute a nuisance, the court will ordinarily refuse to restrain the construction or completion of the erection, leaving the complainant free to assert his rights thereafter in an appropriate manner if the contemplated use results in a nuisance. (Page 368.)

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

The appellants, Swaim and Hicks, alleged that they were the owners of certain lots in the incorporated town of England, on which were situated business houses and residences. They allege that on one of the lots was a hotel in which appellant Hicks and family resided, and which was also occupied by other families and guests of the hotel, and that appellant Swaim had his residence on another lot adjoining the Hicks lots. They allege and show the location of their residences and business houses with reference to certain streets and sidewalks, and then allege, in part, as follows:

That the said defendant, George W. Morris, is preparing to erect and is erecting a steam cotton gin to be used for the public in ginning cotton; that, if said steam gin is permitted to be

erected and used for the purpose mentioned, it will expose plaintiff's property to great danger of fire from the operation of the engine attached to said gin and from the constant danger of fire taking the cotton while the same is in the course of being ginned therein; that the necessary waste in ginning said cotton and in loading and unloading of same will cause stock to congregate around said mill, and thereby produce a noxious odor, as also the decay of said waste matter, thereby rendering the enjoyment of the property of the said plaintiffs uncomfortable and inconvenient. That said gin will be a nuisance by reason of the unsightly appearances, unpleasant sounds and surroundings caused therefrom. That the erection and operation of said gin will endanger the lives and the property of the said plaintiffs and their families as well as the general public, and will greatly depreciate the value of plaintiff's property; that the health and comfort of the plaintiffs and their families, and the occupants and guests of said hotel, as well as the general public, will be greatly injured from the smoke and cinders from said engine and from the noise from the operation of said gin, and the wagons and people congregated around said gin at all hours of the day and night; that there is no place between where the said steam gin is being erected and the sidewalks in which to drive and unload said cotton and reload cotton and cotton seed and haul away from said gin, and that the access to plaintiff's property will be cut off by reason of the necessary obstruction by wagons, flowing water, grease and other objectionable matter that will escape from said engine and gin upon the sidewalks and into the streets, so that said sidewalks and streets will be made impassable, which has heretofore been done by the operation of a steam gin on said property. That the town of England is located in a great cotton country, and the cotton ginned within and near the said town of England during the cotton season will average from sixteen to twenty thousand bales, and during the cotton ginning season cotton will be brought to said gin in wagons, which will blockade the said streets and sidewalks as aforesaid, so as to prevent said plaintiffs, Swaim and Hicks, and their families, and the general public from access to and from their residences and places of business, and to the great injury, annoyance, and inconvenience of the general public.

The complaint then set up that there had formerly been a gin house on block 41, which had become a great private and public nuisance, but which had recently been destroyed by fire. After these allegations the complaint contains the following: That since the destruction of said gin an ordinance had been passed by the town council of the incorporated town of England prohibiting the building and construction of a steam cotton gin within certain limits of the said town embracing block 41, and which ordinance is in words and figures, as follows, towit:

"An ordinance prohibiting the building, erection or construction of gins, mills or other manufacturing plants on certain blocks in the town of England, Arkansas.

"Whereas the operation of manufacturing plants using steam as a motive power upon the property described below is detrimental to the health and comfort of the citizens of the town of England, and exposes the neighboring property to the danger of fire, and renders the enjoyment of dwelling houses and other houses materially uncomfortable by smoke, cinders, noise, offensive odors and otherwise; and

"Whereas the construction and operation of such plants upon said property would injuriously affect the neighbors and public at large, and would be a nuisance to the town of England and the inhabitants thereof."

Then follow sections of the ordinance making it unlawful to erect a gin operated by steam on certain blocks in the town of England, including block 41, and declaring the erection of such gin operated by steam to be "a public nuisance to the town of England and its inhabitants," and prescribing as a penalty for a violation of the ordinance a fine of not exceeding $200 and the abatement of the structure.

There was an amendment to the complaint, setting out in detail how the gin, if erected, would become a nuisance, and how it would be especially injurious to appellants Swaim and Hicks.

The prayer was for injunction restraining appellee from erecting the gin.

The appellee demurred to the complaint as follows:

Because the town of England has no authority to pass the ordinance relied upon by it, and the passage of said ordinance

was *ultra vires;* that said ordinance is unconstitutional, invalid and not binding; that said ordinance is class legislation, and in restraint of legitimate trade and business, and therefore void; that plaintiffs, Swaim and Hicks, have a complete and adequate remedy at law by bringing an action for damages against this defendant, who, if plaintiff recover a judgment against him, is financially able to respond thereto; and, further, that the town of England, if said ordinance is valid, is authorized to prosecute all parties criminally for its violation; because said complaint does not state facts sufficient to constitute a cause of action.

The court sustained the demurrer, and dismissed the complaint for want of equity.

*James B. Gray* and *Trimble, Robinson & Trimble,* for appellant.

1. The ordinance is valid. 11 S. W. 456; 108 S. W. 838; 111 *Id.* 456; 234 Ill. 428; 84 N. E. 1043; 8 *Id.* 236; 29 Pa. 156; 108 N. W. 707; Kirby's Dig. § 5439; 35 Ark. 352.

2. Allegation of insolvency unnecessary. 10 N. W. 346.

3. Equity has jurisdiction to prevent repeated injuries and multiplicity of suits. 80 Ia. 218; 79 *Id.* 93; 1 Bush (Ky.) 463; 89 Am. Dec. 637; 51 Ia. 385; 67 *Id.* 207.

4. Equity has jurisdiction to restrain impending danger or injury, or prevent the creation or continuance of a private nuisance. 1 N. J. Eq. 518; 18 *Id.* 397; 40 Ark. 87. Nuisances *per se,* or where lawful occupations may necessarily be nuisances, may be enjoined. 3 Paige (N. Y.) 218; 10 Ga. 336; 76 Ill. 323; 21 A. & E. Enc. Law (2 Ed.) 704, note 4; *Ib.* 708, note 4; 116 Fed. 713; 35 Tex. 132; 116 Ky. 212; 87 Mo. App. 125; 107 Tenn. 224; 89 Am. St. 946. Livery stables are often enjoined. 107 S. W. 37; 129 Ind. 201; 28 N. E. 434; 13 L. R. A. 481; 28 Am. St. 185; 9 Ga. 425; 54 Am. Dec. 347; 10 Ga. 361; 104 Ill. App. 483; 7 R. I. 87; 80 Am. Dec. 636; 18 S. W. 529; 38 Md. 123; Wood on Nuisances, 594-6.

*Joe W. Gates, F. T. Vaughan* and *Palmer Danaher,* for appellees.

1. *Durfey* v. *Thalheimer,* 85 Ark. 544, answers all appellant's contentions. A mere prospect of future annoyance or injury from a structure which is not a nuisance *per se* is not

ground for injunction. 29 Cyc. 1222. This gin is not a nuisance *per se.* 29 Cyc. 1153-4, 1170, 1156, etc.; 10 Am. Rep. 669; 20 *Id.* 671-2; 21 L. R. A. 569; 87 Ark. 213 and many others.

2. Plaintiff's remedy at law is adequate—injunction will not lie. 29 Cyc. 1221; 31 Am. Dec. 712; 85 Ark. 544; 87 Ark. 213; 83 Ark. 330; 81 Ark. 117; 117 Am. St. 997-8; 66 Am. Dec. 790; 69 L. R. A. 820; 83 S. W. 695; 85 Ark. 554, and many others.

3. The ordinance is void. 52 Ark. 23; 31 Ark. 465; 27 Ark. 467; 1 Dillon, Mun. Corp., p. 409, § 308; 10 Wall (U. S.) 497; 18 L. R. A. 481; 109 Mass. 315-19; 41 Ark. 526; 28 Cyc. 722-3; 59 Am. Rep. 116; 28 Cyc. 711, note 11; *Ib.* 715, 735, 759, 765-6-8; 52 Ark. 23; 64 *Id.* 609; 70 *Id.* 14; 41 *Id.* 530; Const., sec. 2, art. 2 and § § 22-29, etc. The power of a town to pass such ordinances is limited. 28 Cyc. 258-B; *Ib.* 265 (3), 279, 364, 368, 369-371, and notes, etc.

4. Apprehension of an injury is not sufficient. 29 Cyc. 1223; 29 *Id.* 1222; 21 A. & E. Enc. Law (2 Ed.), 704, par. c and cases, note 1; 20 N. J. Eq. 201; 54 S. W. 723; 18 Barb. 255; 52 How. Pr. 255; 140 Pa. St. 111; 21 Atl. 253; 68 Ga. 668; 21 A. & E. Enc. L. (2 Ed.) 706-7; 27 Ark. 213.

Wood, J., (after stating the facts.) Sec. 5439 of Kirby's Digest provides: "They (municipal corporations) shall have the power to regulate the building of houses; to make regulations for the purpose of guarding accidents by fire, and to prohibit the erection of any building or any addition to any building unless the outer walls thereof be made of brick or mortar or stone and mortar, and to provide for the removal of any building or addition erected contrary to such prohibition." Under this section the town of England had the power to regulate the building of gin houses so as to guard against accidents by fire. But it had no power under this statute to prohibit the erection of gin houses altogether. This statute therefore can not be invoked as authority to the town council to pass an ordinance to prohibit the erection of gin houses in the town of England.

But if the ordinance is valid under the above statute, then the remedy at law is adequate and complete. For the ordinance provides a fine of two hundred dollars for each day during which the ordinance was violated, and for an abatement of the

nuisance. So that resort to injunctive relief is entirely unnecessary and improper.

Likewise, if the ordinance was valid under the general police power of the town "to prevent injury or annoyance within the limits of the corporation, from anything dangerous, offensive or unhealthy, and can cause any nuisance to be abated," the remedy at law by fine, or the abatement of the nuisance, provided for by the ordinance itself, was still a complete and adequate remedy, and it was wholly unnecessary for appellants to invoke the aid of a court of equity. The language of Judge Bleckley of the Supreme Court of Georgia in *Powell* v. *Foster,* 59 Ga. 790, is appropriate here. "What," says he, "is the obstacle to resorting to the mayor and council for protection, and obtaining it at once? The chancellor could see none, nor can a majority of this court. To anticipate the inefficiency of a statutory remedy exactly adapted to the case and apparently adequate and complete is warranted neither by precedent nor any general principle. Should the remedy be tried, and obstacles to its speedy success actually arise, it may then be in order to invoke the interposition of chancery by injunction." See authorities there cited.

But a majority of the court are of the opinion that the building of a gin in an incorporated town is not *per se* a nuisance, any more than the building of a livery stable.

Speaking of the latter in *Durfey* v. *Thalheimer,* 85 Ark. 544, 552, this court, through Judge BATTLE, said: "A livery stable, even in a city or town is not necessarily or *prima facie* a nuisance. It may become so by the manner in which it is constructed or conducted." So we say of a gin. It could be erected and operated at a place and in a manner to become a nuisance, but it might also be erected and operated at a place and in a manner so as not to be a nuisance. It is therefore clearly not a nuisance in itself or *per se.* As we said in the recent case of *Lonoke* v. *Chicago, R. I. & P. Ry. Co.,* 92 Ark. 546: "The act done or the structure erected may be a nuisance *per se,* or the act or use of the property may become a nuisance by reason of the circumstances or location or surroundings. In the one case the thing becomes a nuisance as a matter of law, in the other it must be proved by evidence to be such under the law." The ordinance, therefore, as an exercise of the general

police power of the town, was "too broad, and is invalid." *Arkadelphia* v. *Clark,* 52 Ark. 23. Hence appellants could not avail themselves of the ordinance to obtain injunctive relief. If, however, the erection of a gin would be a nuisance *per se,* appellants could have it enjoined without any ordinance. But, as we have already shown, the erection of a gin would not be *per se* a nuisance. "A nuisance at law or a nuisance *per se* is an act, occupation or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." 29 Cyc. 1153. See other authorities cited in appellee's brief.

In note to *West* v. *Ponca City Milling Co., 2* A. & E. Ann. Cases, 249, 254, it is said: "Where an injunction is sought merely on the ground that a lawful erection will be put to a use that will constitute a nuisance, the court will ordinarily refuse to restrain the construction or completion of the erection, leaving the complainant free, however, to assert his rights thereafter in an appropriate manner if the contemplated use results in a nuisance." See cases.

The judgment of the chancery court was correct, and it is affirmed.

McCᴜʟʟᴏᴄʜ, Chief Justice, and Bᴀᴛᴛʟᴇ, J., dissent, holding that the ordinance passed by the town council of England is valid, and that plaintiffs have stated in the complaint facts sufficient to show a special injury to their property and entitle them to maintain this action to prevent a violation of the ordinance.