## COOPER *v.* WHISSEN.

### Opinion delivered June 6, 1910.

1. APPEAL AND ERROR—FINAL JUDGMENT.—A decree perpetually enjoining the defendant from erecting a building "according to the plans shown by the defendant and the testimony" is a final judgment, from which an appeal may be taken. (Page 548.)

2. NUISANCE PER SE—DEFINITION.—A nuisance *per se* is a nuisance in itself, and which can not be so conducted or maintained as to be lawfully carried on or permitted to exist. (Page 548.)

3. SAME—WAGON YARD.—A wagon yard is not a nuisance *per se.* (Page 548.)

4. SAME—INJUNCTIVE RELIEF.—A court will not ordinarily enjoin the erection of a structure that is not a nuisance *per se,* but will leave the plaintiff to assert his rights thereafter in an appropriate manner if the contemplated use of the structure results in a nuisance. (Page 548.)

5. SAME—WHEN INJUNCTIVE RELIEF GRANTED.—To call for injunctive relief against a structure that is not a nuisance *per se,* there must be a strong and mischievous case of pressing necessity or the right must have been previously established at law. (Page 549.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

#### STATEMENT BY THE COURT.

This suit was brought by appellees against appellant to enjoin him from erecting buildings for, and from maintaining, a wagon yard in what is alleged as a residence district of the city of Little Rock, Arkansas. After showing the location of their residences and the value thereof, appellees allege: "that Cooper leased for ten years lots 4, 5 and 6, block 148, Little Rock, being northeast corner of Rock and Fourth streets, for a flat roof wood structure for a wagon yard where farmers and peddlers shelter themselves and teams, with wagons usually loaded with vegetables, chickens and other farm produce; that many vegetables and eggs decay in transit, and chickens die and are left in the yard; that said yard will stable about 100 mules and horses; that two large rooms will be built for him-

self and patrons, who will eat and sleep there and cast their leavings in the yard; that droppings of animals and decayed matter will create a stench and draw flies and mosquitoes and cause disease, depriving them of the comforts of home, creating a nuisance and depreciating their property; that the frame had been erected, covering 150 feet on Fourth and 192 feet on Rock, with four rooms on Rock to be used by both white and colored to sleep in, with a number of small sleeping rooms and two large lobby rooms, with a chimney between for cooking on the north side of said lots; that said lots are without sewer connections, and said frame structure will contain large quantities of feedstuff, dangerous on account of fire; that said fractional lot 3 is within the fire limits, and no proper permit has been obtained to erect said building, and, same being of wood, does not comply with the ordinance. There was a prayer for injunction.

Cooper answered, denying the allegations of the complaint and alleging that said yard will be across a street sixty feet wide from Whissen and across another street sixty feet wide from Comer, and will be in a business part of the city, where the business houses are fast encroaching upon what few residences are left, which are largely boarding houses and flats; that he is erecting the most approved and up-to-date building for said yard, and, when completed, it will be run in a cleanly and first-class condition, and not be a nuisance to any one; that he has a permit from the city to erect same; that his building only covers 183 feet on Rock; that he obtained a permit to erect it on lots 4, 5 and 6, but by mistake commenced to erect it on fractional lot 3, which is within the fire limits; that he is removing his improvements therefrom, and will erect nothing thereon unless he gets a proper permit; that the rooms on Rock will be rented out for stores and not used for sleeping rooms; that he will erect rooms on said lot 3 if he gets a permit, but will not use them for the purposes alleged.

After hearing the evidence the court rendered the following finding and decree: "That the building proposed to be erected in the manner shown by the plans and exhibited by the defendant and the testimony in relation thereto will constitute a nuisance, and will render the property of the plaintiffs uninhabitable as residences. It is therefore considered, ordered, adjudged and

decreed that the defendant, Warren Cooper, his agents, employees, and all persons acting under him, be, and are hereby, perpetually enjoined from erecting on block one hundred and forty-eight, in the city of Little Rock, Arkansas, a building according to the plans shown by the defendant and the testimony herein. To which finding and decree of the court the defendant at the time excepted, and asked that his exceptions be noted of record, which was done, and the defendant prayed an appeal to the Supreme Court, which is granted."

*Marshall & Coffman,* for appellant.

Where a building to be erected is not a nuisance *per se,* the erection thereof should not be enjoined; but the owner should be permitted to proceed at his peril. 20 Ark. 671; 20 Ga. 350; 22 N. J. Eq. 28; 44 Am. R. 10; 66 Am. Dec. 790; 54 *Id.* 45; 28 Am. St. R. 396; 54 L. R. A. 545; 20 N. J. Eq. 415; 11 Atl. 660. When the injury apprehended is doubtful or contingent, an injunction will be denied. 76 Am. Dec. 332; 68 *Id.* 750; 66 *Id.* 790; 51 Am. R. 463; 44 *Id.* 10; 32 *Id.* 138; 28 *Id.* 378; 45 *Id.* 505; 21 L. R. A. 569; 54 *Id.* 545. A livery stable is not a nuisance *per se.* 85 Ark. 544; 87 Ark. 213; Joyce on Inj., § § 200-202; 52 Ark. 23. Defendants have a remedy at law. 69 Atl. 697; Campbell & Stevenson's Dig. Ord. City of Little Rock, § 1441.

*James A. Comer* and *John McClure,* for appellee.

A property owner should so use his property as not to injure others. 3 Grant 390. A lawful business may become unlawful if located in the vicinity of private residences. 4 Eng. Law & Eq., 15; 11 Hare 266; 4 C. B. (N. S.) 336; 2 Ch. Div. 697; 42 *Id.* 637; 56 Wis. 512; 20 N. J. Eq. 207; 5 N. Y. S. 885; 10 Ala. 64; 9 Ga. 425; 108 U. S. 334; 59 Mo. 322; 58 Ind. 185. Citizens are not required to move away from a nuisance. 3 Barb. 153; 4 Robt. 469; 51 N. Y. 300; 3 Sand. 283. The locality is a residence section. 143 Ind. 35; 148 Ind. 35; 157 Ind. 593. Residents in the old part of town will be protected. 19 N. J. Eq. 298; 55 Conn. 31. The fact that there are other nuisances in the same vicinity is no excuse for refusing to enjoin appellants. 31 Mich. 293; 23 N. J. Eq. 205. Testimony as to how the wagon yard would be run was incompetent. 50 Mo. App. 63; 68 Ind. 397; 73 Ind. 295; 123 S. W. 376.

Wood, J., (after stating the facts). 1. The decree was final. It perpetually enjoined appellant from erecting the "building according to the plans shown by the defendant and the testimony." That was the very building the erection of which appellees sought to enjoin. They were not seeking to enjoin the erection of any other kind of a structure than that specifically described in the complaint and shown by the testimony. They did describe the kind of structure that appellant was erecting and proposing to erect, and asked that he be enjoined from erecting same and from maintaining a nuisance therein such as was described in their complaint. Appellant was not proposing or proceeding to erect any other kind of a structure, or to maintain a nuisance in any other than that set forth in the pleadings and shown by the evidence, and it was the erection of this building that was enjoined. The building and inclosure in process of erection was to be used only for the purposes of a wagon yard, and the injunction necessarily prevented the maintenance of a wagon yard in that particular structure. The appellees obtained the relief they sought by the decree, and it was a final judgment on the issues presented, and therefore one from which an appeal could be prosecuted.

2. "A nuisance *per se* is a nuisance in itself, and which therefore can not be so conducted or maintained as to be lawfully carried on or permitted to exist." Joyce on Nuisances, § 12.

The structure for a wagon yard business is not any more a nuisance *per se* than is a building for a livery stable, a steam gin, a planing mill, a railway depot and the tracks connected therewith. See *Durfey v. Thalheimer*, 85 Ark. 544; *Terrell v. Wright*, 87 Ark. 213; *Swaim v. Morris*, 93 Ark. 362; *Lonoke v. Chicago, R. I. & P. Ry. Co.*, 92 Ark. 546.

This court has recently held that it will not enjoin the erection of a structure that is not a nuisance *per se*. *Swaim v. Morris*, 93 Ark. 362. It has also held that it will not demolish a structure by mandatory injunction, nor prevent the prosecution of a business that is not *per se* or necessarily a nuisance. *Durfey v. Thalheimer*, 85 Ark. 544.

In the former case the facts stated in the complaint and admitted by the demurrer at least tended as strongly to show that the erection of the gin and the maintenance of the ginning

business connected therewith would be a nuisance to the residents adjacent as does the evidence here, on behalf of appellees, tend to show that a structure for a wagon yard would be a nuisance to them. In that case we held that the erection of a ' gin would not be a nuisance *per se,* and quoted from note to *West* v. *Ponca City Milling Co.,* 14 Okla. 646; 79 Pac. 100; 2 Am. & Eng. Ann. Cas. 249, 254, as follows: "Where an injunction is sought merely on the ground that a lawful erection will be put to a use that will constitute a nuisance, the court will ordinarily refuse to restrain the construction or completion of the erection, leaving the complainant free, however, to assert his rights thereafter in an appropriate manner if the contemplated use results in a nuisance."

This court is in line with those cases, and they are numerous, which hold that ordinarily an injunction will not be granted unless the act or thing threatened is a nuisance *per se.* "When it may or may not become a nuisance according to circumstances, or when the injury apprehended is doubtful or contingent," equity will not interpose in advance to prevent by injunction. *St. James's Church* v. *Arrington,* 76 Am. Dec. 332, and other cases cited in appellant's brief.

"It must be a strong and mischievous case of pressing necessity, or the right must have been previously established at law." 14 Enc. Pl. & Pr. 1120; 29 Cyc. 1221. We see nothing in the record to make this case an exception to the rule announced in *Swaim* v. *Morris, supra.* The judgment is reversed, and the complaint is dismissed for want of equity.