HUDDLESTON v. BURNETT.

Opinion delivered November 23, 1926.

1. AUTOMOBILES—FILLING STATION NOT NUISANCE PER SE.—Construction and operation of a filling station and public garage is a lawful business and not a nuisance *per se*.

2. NUISANCE—NATURE OF INJURY.—A lawful business may not be conducted in the neighborhood of a dwelling house if the noise therefrom would render its enjoyment materially uncomfortable.

3. AUTOMOBILES—OPERATION OF FILLING STATION—INJUNCTION.—Operation of a filling station and public garage in a residential district, which would result in creating incessant noise in the neighborhood, was properly enjoined.

Appeal from Pope Chancery Court; *W. E. Atkinson*, Chancellor; affirmed.

*J. H. A. Baker* and *J. A. Worsham*, for appellant.

*E. A. Williams*, for appellee.

HUMPHREYS, J. This is an appeal from a decree of the chancery court of Pope County enjoining appellants from building and operating a filling station and public garage on a strip of land 85 east and west by 246 feet north and south, fronting on the Little Rock & Fort Smith highway, in the residence section of the town of Atkins. The lot in question adjoins appellee's home on the east and Mrs. T. J. Robinson's home on the west. The plan was to erect the station and garage nearer the north line of the highway than the other residences situated on the north side, and, when erected, would be located within 100 or 125 feet of appellee's house. Hundreds of automobiles and trucks passed along the highway daily,

and, in the tourist season of the year, passed both day and night. The homes of appellee and his neighbors were built in this locality with a view to getting out of the business district of the town. It was distinctively a residence section, located some five or six blocks away from the business district. Appellant, J. W. Huddleston, owned and operated a filling station in the business district of the town, and, in partnership with E. W. Lawson, purchased the strip of land in question upon which to build a filling station, garage and residence, to be occupied by appellant, E. W. Lawson, who was to operate said station. The strip of land in question was purchased after appellee and his neighbors had built their homes in that locality.

It was alleged in the complaint that the operation of a filling station and public garage would become a nuisance by creating such noise, through the honking of horns, racing, and testing of motors, thereby destroying the peace, quiet and comfort of appellee's home.

Appellants filed an answer, admitting that they intended to construct a filling station and garage upon the strip of land in question, but denying that the operation thereof would constitute a nuisance.

The testimony introduced was directed to the sole issue presented by the pleadings, of whether the operation of a filling station and garage in that particular locality would constitute a nuisance that would result in irreparable damage to appellee. The trial court found that it would, and permanently enjoined the construction thereof, so the correctness of the finding and decree is before us for trial *de novo.*

The construction and operation of a filling station and public garage is a lawful business and not a nuisance *per se,* but one cannot prosecute a lawful business in the neighborhood of a dwelling-house if the noise therefrom would render the enjoyment of it materially uncomfortable. In *Junction City Lumber Co.* v. *Sharp,* 92 Ark. 538, 123 S. W. 370, this court quoted with approval from *Ross* v. *Butler,* 19 N. J. Eq. 294, 97 Am. Dec. 654, the following paragraph:

"The law, then, must be regarded as settled that, when the prosecution of a business, of itself lawful, in a neighborhood of a dwelling house, renders the enjoyment of it materially uncomfortable, by the smoke and cinders and noise, or offensive odors, produced by such business, although not in any degree injurious to health, the carrying on such business there is a nuisance. *Durfey* v. *Thalheimer,* 85 Ark. 544, 109 S. W. 519; *Terrell* v. *Wright,* 87 Ark. 213, 112 S. W. 211, 19 L. R. A. N. S. 174."

The record reflects that appellee purchased a lot and built a home five or six blocks from the business section of Atkins, for the purpose of living in a quiet neighborhood, on account of the nervous condition of his wife and extreme old age of his mother, who was eighty-four years old, before appellants bought the adjoining lot upon which to build the proposed filling station and public garage; that the locality chosen by him was and still is a distinctively residential district.

A decided preponderance of the testimony adduced in the case was to the effect that the operation of a filling station and public garage upon the lot purchased by appellants for that purpose would produce a disturbing noise in the neighborhood, and particularly interrupt the peace and quietude of appellee's home. The witnesses testified that a great many people on the much-traveled highway would stop and honk their horns for gas and create much noise in stopping and starting their automobiles, testing their motors, etc. It strikes us that the creation of incessant noises of this character, in a strictly residential section, would constitute an intolerable nuisance in the neighborhood.

No attempt was made by appellants to show any public necessity for establishing a filling station and public garage at this particular point. Appellant Huddleston owned and was operating a filling station within five or six blocks of this neighborhood.

After a careful consideration of the evidence, we are unable to say that the finding of the court was contrary to a clear preponderance of the testimony.

No error appearing, the decree is affirmed.