MOORE *v.* WALLIS.

4-4010

Opinion delivered October 28, 1935.

*Dwight H. Crawford,* for appellant.
*J. H. Lookadoo* and *Lyle Brown,* for appellees.

McHANEY, J. Appellant is the owner of a plot of ground in the southeast quarter of block five, Browning's Survey of Arkadelphia, Arkansas, located at the intersection of Tenth and Pine streets. Tenth Street has been designated as the route of United States Highway No. 67 through that part of Arkadelphia, over which passes a very heavy stream of traffic. There are stop signs on all four sides of this intersection which require all vehicles to stop thereat. Appellant's property is vacant, and she has entered into an agreement to lease same to

the Marathon Oil Company for the erection of a small drive-in filling station thereon. It is not the intention of appellant or of said oil company to operate a garage in connection with the filling station. Appellees are the owners of property adjacent in said block five and in that immediate vicinity. They objected to the construction of a filling station by appellant's proposed lessee, and brought this action to enjoin her therefrom. They allege that the building of such a station would be a nuisance for the reason that it would work injury to their comfort and health because of the noise and fumes it would create, and would decrease the value of their property and irreparably damage them. Appellant answered denying that a filling station on her property would be a nuisance or that it would work injury to the comfort and health of appellees, or that it would create unusual noises, or that it would be injurious to their property by decreasing the value thereof. She alleged that she proposed, if desired by appellees, to grow a hedge between her property and theirs to shut off the view of the filling station from their property, and to landscape and beautify the lot so that it would be more attractive than at present; that a filling station is already in operation one block north of and across the street from her property and another in the third block south of her property, and that permits have been granted by the city council for the erection of filling stations in blocks eight, sixteen and seventeen, which are within two blocks of her property; and that property on Tenth Street is no longer strictly residence property, but has become mixed residence and business property. She further alleged that her property is chiefly valuable as a filling station site, and that she will be deprived thereof if she cannot use it for such purpose. She prayed that the complaint be dismissed, and that her answer be treated as a cross-complaint, and that appellees be restrained from further interference with her erection of a filling station on her property. Trial resulted in a decree against appellant perpetually enjoining her from building and operating, or causing to be built and operated by lease, a filling station on said property. The case is here on appeal.

Four witnesses testified for appellees. The effect of their testimony, briefly stated, is that they think that the value of the property of appellees would be decreased by the construction of a filling station on appellant's property, although there is a filling station one block north and another about a block and a half south; that there would be a certain amount of noise caused by automobiles stopping and starting, the changing of tires, also some offensive odors from gasoline and grease, and that the lights at night might burn late. It was the opinion of these witnesses that they would be disturbed, and that their home life would be rendered less comfortable. Appellant testified that she had a permit from the city council for the erection of a filling station, not a garage; that her property is not residence property since the highway is there, but is business property. In addition to appellant, eleven witnesses testified to the general effect that a filling station would not be a nuisance if properly conducted, and that they do not cause any inconvenience or discomfort to those living near them. A number of them live near filling stations; that the proposed filling station in their judgment would not decrease the value of neighboring property. It was also shown that the filling station would not be an all-night station but would close from eight to nine o'clock; that there would be no congregation of people or the sale of liquor; and that there would be no unusual noise except the starting and stopping of cars. As above stated, it was shown that all cars are now required to stop and start at that corner.

It is fundamental that every person has the right to own and enjoy property and to put it to any lawful use that may best subserve his interest or wishes so long as he does not trespass on his neighbors' rights. The maxim, *"Sic utere tuo ut alienum non laedas"* limits the use thereof. This maxim means, according to Blackstone and Bouvier's Law Dictionary, "So use your own as not to injure another's property." The difficulty the courts have is in determining in advance whether the proposed use of the property will work injury to another. It has been held by this court that the operation of a filling station and garage is not a nuisance *per se. Hud-*

*dleston* v. *Burnett*, 172 Ark. 216, 287 S. W. 1013. See also *Ft. Smith* v. *Norris*, 178 Ark. 399, 10 S. W. (2d) 861. In 29 Cyc. 1153, a nuisance *per se* is defined as follows: "A nuisance at law or a nuisance *per se* is an act, occupation or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." This definition was quoted by Judge KIRBY in *Jones* v. *Little Rock Boys' Club*, 182 Ark. 1050, 34 S. W. (2d) 222, where injunctive relief was sought against the erection of the Little Rock Boys' Club at Eighth and Scott streets, in the city of Little Rock. It was there said: "The erection of the building itself could not constitute a nuisance under the circumstances of this case, and it is not insisted that it could be, but only that, as erected and operated as formerly, it would constitute such a nuisance. In any event therefore the erection of the building could not constitute a nuisance *per se* entitling appellant to an injunction prohibiting its construction."

In *Lonoke* v. *C. R. I. & P. Ry. Co.*, 92 Ark. 546, 123 S. W. 395, 135 Am. St. Reports, 200, the court said: "The act done or the structure erected may be a nuisance *per se*, or the act or use of the property may become a nuisance by reason of the circumstances or location or surroundings. In the one case the thing becomes a nuisance as a matter of law; in the other it must be proved by evidence to be such under the law." This statement was quoted in *Swaim* v. *Morris*, 93 Ark. 362, 125 S. W. 432, where the court held, to quote a headnote, as follows: "Where an injunction is sought merely on the ground that a lawful erection will be put to a use that will constitute a nuisance, the court will ordinarily refuse to restrain the construction or completion of the erection, leaving the complainant free to assert his rights thereafter in an appropriate manner if the contemplated use results in a nuisance." In *Cooper* v. *Whissen*, 95 Ark. 545, 130 S. W. 703, where it was sought to enjoin the construction of a wagon yard at the corner of Rock and Fourth streets, Little Rock, the court held that such a structure was not a nuisance *per se*, and said: "The structure for a wagon yard business is not any more a

nuisance *per se* than is a building for a livery stable, a steam gin, a planing mill, a railway depot and the tracks connected therewith.'' Citing *Durfey* v. *Thalheimer, supra; Terrell* v. *Wright,* 87 Ark. 213, 112 S. W. 211; *Swaim* v. *Morris, supra; Lonoke* v. *C. R. I. & P. Ry. Co., supra.* It was there further said: ''This court has recently held that it will not enjoin the erection of a structure that is not a nuisance *per se. Swaim* v. *Morris, supra.* It has also held that it will not demolish a structure by mandatory injunction nor prevent the prosecution of a business that is not *per se* or necessarily a nuisance.'' In this case, the court further said: ''This court is in line with those cases, and they are numerous, which hold that ordinarily an injunction will not be granted unless the act or thing threatened is a nuisance *per se.* 'When it may or may not become a nuisance according to circumstances, or when the injury apprehended is doubtful or contingent,' equity will not interpose in advance to prevent by injunction.'' *Durfey* v. *Thalheimer, supra.* So in *Murphy* v. *Cupp,* 182 Ark. 334, 39 S. W. (2d) 396, where it was sought to enjoin the Baptist Church in Nashville, Arkansas, from erecting a tabernacle on its property, the court quoted with approval from 21 Cyc. 708, as follows: ''Where the claim to relief is based upon the use which is to be made of a lawful erection, the court will ordinarily refuse to enjoin the construction or completion of the erection; but in such a case the defendant, if he proceeds, does so at his peril and is liable to an injunction or an action of damages if such use results in a nuisance.'' And the court there said: ''The rule is well-settled that no injunction will be issued in advance of the construction of the structure unless it will be certain that the same will constitute a nuisance.''

The cases of *Murphy* v. *Cupp* and *Jones* v. *Little Rock Boys' Club, supra,* appear to be our last cases on the subject. It appears, however, that the court has never varied from the rule announced in the cases cited, and the rule applies to the case at bar. Appellant sought to erect or have erected a drive-in filling station on her property. Such a structure is lawful and not a nuisance

*per se,* and, before the court would or should enjoin the erection of such a structure, the proof must show with certainty that the use to which it will be put will constitute a nuisance. The proof in this case fails to show this fact. The preponderance of the evidence is to the contrary. The proof on the part of appellees is not of a definite and certain character, and not based upon actual experience, whereas the proof on the part of appellant is very definite and certain that such a business will not constitute a nuisance.

The erection of the building itself not being a nuisance, and the evidence having failed to show that the use to which it will be put will constitute a nuisance, the court erred in enjoining appellant from the erection of the building. The judgment will therefore be reversed, and the cause remanded with directions to dismiss the complaint for want of equity.