Lewis v. A. Hirsch & Company, Inc.

4-4151

Opinion delivered February 10, 1936.

Jo M. Walker, for appellant.
W. G. Dinning, for appellee.

Mehaffy, J. The town of Marvell is a municipal corporation duly organized under the laws of the State of Arkansas. In 1916 the town council adopted a fire ordinance which provided, among other things, that the outer walls of all buildings constructed in the restricted area should be constructed of brick and mortar or stone and mortar. This suit was brought by appellant against the appellees alleging that they are the owners of certain lots within the fire zone, upon which they are about to construct a building in violation of the terms of the fire ordinance, and asked that a restraining order be issued to prevent the construction of this building in violation of the fire ordinance.

The appellees filed answer admitting they were about to construct the building in violation of the terms of the ordinance, but alleged that they had obtained a permit from the mayor and city council.

Appellant filed demurrer to this answer, which was overruled, and the court held that the appellant was without authority to bring this suit; that appellant had a full and adequate remedy at law, and his complaint was dismissed. This appeal is prosecuted to reverse the decree of the chancery court.

An amendment to the complaint was filed alleging, among other things, that it is the duty of the mayor and council to enforce the terms of said ordinance, but they, in utter disregard of their duty, have refused and still refuse to enforce the ordinance, and for that reason this suit was brought by appellant as a citizen and tax-payer of said town.

Section 1 of the ordinance made it unlawful to erect or construct or cause to be erected or constructed buildings, unless the outer walls be made of stone and mortar or brick and mortar, within the limits described in the ordinance.

Section 2 of the ordinance prohibited the erection of any house or tenement within the limits unless the walls be of the materials mentioned in § 1, and certain sizes and dimensions.

Section 5 of the ordinance provided that any person violating the ordinance should be fined in any sum not less than five dollars nor more than twenty-five dollars for each offense, and each day constituted a separate offense.

The appellant did not claim to own any property, and did not claim either in his pleading or evidence, that he was damaged in any way. He brings the suit as a tax-payer for himself alone.

The following stipulation was entered into:

"It is agreed by and between attorney for the plain-tiff and the attorney for the defendant, that ordinance No. 14, attached as an exhibit to the complaint in this cause, is a true and correct copy of an ordinance adopted by the city council and approved by the mayor of the

town of Marvell, Arkansas, on the date shown, and that the same has not been repealed, amended or modified and is now in force and effect; and that the defendant, Freda Hirsch, is the owner of lots No. 38 and 39 in that part of the town of Marvell known as the original town of Marvell, and that said two lots are situated within the boundaries of the limits fixed by the ordinance aforesaid."

Evidence was introduced tending to show that if the ordinance was enforced it would confiscate the property, and several permits had been granted by the city council to erect buildings in this section of the town in violation of the ordinance. The evidence shows that one application was presented by the appellant. The evidence tends to show that to erect buildings in compliance with the ordinance in this section of the town would be so expensive that the rents would not justify such buildings.

It is contended by the appellant that his demurrer to appellee's answer should have been sustained because appellee admitted in the answer that Freda Hirsch was the owner of the premises described and was about to construct buildings in violation of the ordinance, and that her sole defense was that a permit had been granted by the town authorities. He calls attention to the case of *Griffin* v. *Rhoton,* 85 Ark. 89, 107 S. W. 380. That was not a suit for injunction, but a suit by a taxpayer to compel a State officer to account for and pay into the State and county treasuries the fees and emoluments of his office in excess of $5,000, the maximum allotted under the Constitution. The court stated that it did not deem it necessary to discuss at length the question of appellant's right to maintain the suit; that his right depended upon whether or not the provision of the Constitution was self-executing; that if the court had reached the conclusion that it was self-executing, a majority of the judges are of the opinion that, since there was no method expressly pointed out by the Constitution for enforcing the provision, a citizen and taxpayer could bring suit after the refusal of the prosecuting attorney to do so.

Appellant next calls attention to *Seitz* v. *Meriwether*, 114 Ark. 289, 169 S. W. 1175. We find nothing in this case that supports the contention of the appellant. This was a suit to prevent the misappropriation of funds or to recover misappropriated funds.

Appellant calls attention to 32 C. J. 48, § 27. The section referred to by appellant states the law to be that equity will grant injunctions to restrain an attempted wrong whenever it clearly appears that in no other proceeding can public or private interests be fully protected, and that the writ will issue at the instance of a private individual who shows he may suffer financial injury if the contemplated wrong is not enjoined. The section immediately following the one relied on by appellant states as follows: "It is sufficient to show that he suffered a special injury different from that suffered by the public at large."

Section 29 of the same volume is as follows: "Subject to some limitations hereafter considered, in order to entitle a person to injunctive relief whether prohibitory or mandatory in its nature, he must establish as against the defendant an actual and substantial injury; and this is true whether the injury is single or continuous."

Appellant also calls attention to 13 R. C. L. 329. There is nothing in the authority referred to that supports the contention of the appellant.

Appellant calls attention to the case of *Merriman* v. *Paving Co.*, 142 N. C. 539, 55 S. E. 366, 8 L. R. A. (N. S.) 574. The corporation involved in that case was a private corporation, but the court said: "The right to bring and the occasion of bringing such actions arises only when and because the proper corporate officers will not, for some improper consideration, discharge their duties as they should do. But stockholders, as such, may not bring such actions at their pleasure and have their rights as individuals growing out of the corporation settled and administered."

Before a taxpayer as such can bring a suit to enjoin a municipal corporation, he must show that he suffers special damages, and he must show that he has

no adequate remedy at law. We said in the case of *Swaim* v. *Morris*, 93 Ark. 362, 125 S. W. 432: "But if the ordinance is valid under the above statute, then the remedy at law is adequate and complete. For the ordinance provides for a fine of $200 for each day during which the ordinance is violated, and for an abatement of the nuisance. So that resort to injunctive relief is entirely unnecessary and improper."

The general rule is that an injunction will not be issued at the instance of a private individual to restrain the violation of a municipal ordinance unless the individual can show that his property will be specially damaged. 19 R. C. L. 77.

In the case at bar the appellant does not attempt to show that his property will be damaged. In fact, he does not show that he owns any property in the town.

The decree is affirmed.