CLARK *v.* HUNT.

4-4319

Opinion delivered June 15, 1936.

*E. P. Toney* and *Rose, Hemingway, Cantrell & Loughborough,* for appellants.

*J. T. Cheairs,* for appellees.

SMITH, J. Appellants, as trustees of Lake Village Baptist Church, brought this suit against appellees to restrain the erection of a filling station for the sale of oil and gas and automobile accessories in Lake Village near that church. What is known as the old town of Lake Village was surveyed and platted to front beautiful Lake Chicot, along the bank of which runs a street called Lake Shore Drive. This frontage was divided into lots, but not into blocks. Main, Jackson, Washington and other streets run, at right angles, into Lake Shore Drive, and, in connection with other streets running parallel to Lake Shore Drive, divide the old town into blocks, although they were not numbered as blocks or so called.

Lake Shore Drive became and is a part of State and federal highway No. 65, which is one of the principal highways in the State, and probably the longest in the State, as it extends diagonally from the northwest to the southeast corner of the State. It is proposed to build a filling station on lot 50, which fronts on highway 65. The church is located on lot 65, which also fronts highway 65. These lots are separated by Washington, a street 40 feet wide. Each of these lots has a frontage on highway 65 of 104.5 feet.

The church is a new and beautiful building, and its officers and others testified that it had been built to replace another church building adjacent to a filling station,

and that the present church site had been selected because there was no filling station near it. They also testified that the proposed filling station would be annoying to persons attending religious services in the church, and for this reason would constitute a nuisance if erected. There was no testimony, however, that this filling station would be operated in any manner different from that of the ordinary properly conducted filling station. A proposal to close the filling station on Sundays during the hours of religious services, made to placate the objectors to the erection of the filling station, was rejected. Other testimony was offered to the effect that the station, if erected, would not, or should not, annoy persons assembled in the church for religious worship.

The decree, denying the relief prayed, contains recitals of fact which are decisive of the case. The following finding of fact appearing in the decree is not only not contrary to a preponderance of the testimony, but appears to accord with the undisputed testimony: "The site upon which it is proposed to erect the service station lies directly across Washington street, and if constructed would stand some 100 feet distant from the church building, and on lot 50, according to the map above referred to. It would front on highway 65 and extend some distance west along the south side of said Washington street. This street seems to be, and is, the north boundary of that block of business property forming the north side of Court Square, hence it is within the business district of the city."

An old resident of Lake Village testified that in the early days of the town its first stores were on the lot where the new Baptist Church now stands and on the lot where it is proposed to build the filling station. Another citizen—the first mayor of the town after its incorporation—testified that the lot on which Mrs. Hunt (one of the appellees) proposes building the filling station is on the block adjoining court square, where the county courthouse is located, and on north Lake Shore Drive, and half of the block is now filled with brick business buildings—the Lake Shore Hotel, Chicot Spectator (a newspaper and printing plant), and an old picture show

building and offices in the rear, which recently were re-modeled for the General American Farms.

Among the cases cited and relied upon for the re-versal of the decree here appealed from is that of *Huddleston* v. *Burnett*, 172 Ark. 216, 287 S. W. 1013. There the erection of a filling station and garage was enjoined in what was said to be "distinctively a residence section located some five or six blocks away from the business district." It was there said that a filling station and public garage is a lawful business, and not a nuisance *per se*, but that the erection and operation of a filling station and public garage in a residential district which would result in creating incessant noise in the neighborhood would be enjoined.

Here it is proposed to erect a filling station, but not a public garage, and the proposed site must be said, as was found by the court below, to be in the business district of the city, although it is adjacent to a church.

The testimony shows that after a railroad entered Lake Village the business section grew away from the lake front and towards the railroad depot, and that the church and the proposed site of the filling station lie in what is now the outskirt of the business district, as there are no business houses north of them fronting the Lake Shore Drive or highway 65. But these sites are still in the business district of the town. The principal business section of the town is the portion adjacent to and near the courthouse, which building is across the street from the leading hotel, which is adjacent to lot 50.

There appears to be no controversy about the law of the case, which has been frequently declared by this and other courts. A recent case reviewing earlier cases of similar purport is that of *Moore* v. *Wallis*, 191 Ark. 551, 86 S. W. (2d) 1111, where declarations of law were made to the following effect. Every person may make any lawful use of his own property which does not interfere with another's lawful right to use and enjoy his own property. A nuisance at law or a nuisance *per se* is an act, occupation, or structure which is a nuisance at all times and under all circumstances, regardless of location or surroundings. The erection of a filling station

and garage is not a nuisance *per se,* and when an injunction is sought merely on the ground that a lawful erection will be put to a use that will constitute a nuisance the court will ordinarily refuse to restrain the construction of the erection, leaving the complainant free to assert his rights thereafter in an appropriate manner, if the contemplated use results in a nuisance. It was there further held that as a filling station was not a nuisance *per se,* its erection would not be enjoined where the evidence fails to show that the station will constitute a nuisance in fact.

So, here, the proposed filling station not being a nuisance *per se,* its erection and operation will not be enjoined unless it shall be so operated as to become a nuisance in fact. Many cases in point are cited in the notes to §§ 4881, 4882 and 4901, Blashfield's Encyclopedia Automobile Law.

The decree of the court below is correct, and is therefore affirmed.