EDDY *v.* THORNTON.

4-7072                                    170 S. W. 2d 995

Opinion delivered May 10, 1943.

· *Roy Mitchell, E. C. Thacker* and *James R. Long,* for appellant.

*C. Floyd Huff, Jr.,* for appellee.

HOLT, J. Appellants, L. C. Eddy and others (plaintiffs below), on December 2, 1942, brought suit in the

Garland chancery court to enjoin appellees, D. P. and R. E. Thornton, doing business under the name of Thornton Brothers Lumber Company, a partnership, from erecting and operating a saw mill and a planer mill on an acre of ground just without the corporate limits of the City of Hot Springs, Arkansas.

The original, verified complaint was filed by appellant, Eddy, and the other appellants, on their motion, were made parties plaintiffs, adopted the complaint of appellant, Eddy, and asked for the relief for which he prayed.

The complaints alleged that appellees were about to erect and operate a saw and planer mill on property which they had owned and operated as a lumber yard for approximately twelve years; that the property is located in a residential district in the Woodlawn Addition to the City of Hot Springs and that the operation of this machinery will be by steam power "produced by the use of shavings and sawdust for fuel"; that the "noise, smoke, cinders, loading and unloading logs and lumber and the noise from log trucks and lumber trucks would prevent the enjoyment of their residential property located by and adjoining the property of the appellees"; that their property would depreciate in value; that their erection and operation would constitute "a danger and menace to the life and health of plaintiffs" and "constitute both a private and public nuisance."

Appellees filed "motion to dismiss" appellants' complaints on the following grounds: "1. That before the plaintiff herein could maintain this action, he would have to allege and prove that the saw and planing mill he complains of in his complaint is a nuisance *per se;* 2. That the plaintiff has failed to allege that the mill complained of in his complaint is a nuisance *per se;* 3. That as a matter of law, a planing mill or saw mill, or both, are not nuisances *per se;* 4. that the plaintiff has an adequate remedy at law; 5. That the erection of the mill complained of by the plaintiff in his complaint has not as yet been completed, and that the mill is not in operation, and, therefore, the plaintiff would have no

way of knowing or proving to this court that the said mill when in operation would become or be a nuisance in fact.''

Upon consideration of appellees' motion to dismiss, the court permitted appellee, D. P. Thornton, to testify (quoting from appellants' brief): ''We plan to build a saw mill on these premises. We have done no work whatever toward building the mill; we have just moved the equipment on the property. There has been no construction of any kind started. We own approximately one acre.'' He further stated that they intended to erect and operate a saw and planer mill on the property; that it is located without the corporate limits of the City of Hot Springs, and that the mills will be powered by steam boilers fired with shavings and sawdust. Appellants offered to present proof in support of the allegations in their complaints, but the court refused to hear this testimony and dismissed appellants' complaints for want of equity. To this action of the court appellants asked for and were granted this appeal.

Appellants argue that under the allegations contained in their complaints the injunctive relief prayed should have been granted and that the trial court erred in holding otherwise. We cannot, however, agree with this contention, for the reason that the erection of a saw mill and planer mill would not be a nuisance *per se*.

Whether the ''motion to dismiss'' be treated as such, or as a demurrer, the result would be the same.

The effect of appellants' allegations upon which they seek an injunction is that appellees, who have, for the past ten or twelve years, been operating a lumber yard in a residential district within the city of Hot Springs, Arkansas, are about to erect and operate a saw mill and a planer mill on this property, and the operation of which, when so erected, would constitute such a nuisance as should be enjoined in advance of erection and operation.

As was said by this court in the comparatively recent case of *Moore* v. *Wallis,* 191 Ark. 551, 86 S. W. 2d 1111, ''It is fundamental that every person has the right to own

and enjoy property and to put it to any lawful use that may best subserve his interest or wishes so long as he does not trespass on his neighbors' rights. The maxim, 'Sic utere tuo ut alienum non laedas' limits the use thereof. This maxim means, according to Blackstone and Bouvier's Law Dictionary, 'So use your own as not to injure another's property.' The difficulty the courts have is in determining in advance whether the proposed use of the property will work injury to another. It has been held by this court that the operation of a filling station and garage is not a nuisance *per se*. *Huddleston* v. *Burnett*, 172 Ark. 216, 287 S. W. 1013. See, also, *Ft. Smith* v. *Norris*, 178 Ark. 399, 10 S. W. 2d 861. In 29 Cyc. 1153, a nuisance *per se* is defined as follows: 'A nuisance at law or a nuisance *per se* is an act, occupation or structure which is a nuisance at all times' and under any circumstances, regardless of location or surroundings'.'' And further on in the opinion the court quoted with approval the following headnote from *Swaim* v. *Morris*, 93 Ark. 362, 125 S. W. 432, 20 Ann. Cas. 930: ''Where an injunction is sought merely on the ground that a lawful erection will be put to a use that will constitute a nuisance, the court will ordinarily refuse to restrain the construction or completion of the erection, leaving the complainant free to assert his rights thereafter in an appropriate manner if the contemplated use results in a nuisance.'' The court further said: ''In *Cooper* v. *Whissen*, 95 Ark. 545, 130 S. W. 703, where it was sought to enjoin the construction of a wagon yard at the corner of Rock and Fourth streets, Little Rock, the court held that such a structure was not a nuisance *per se,* and said: 'The structure for a wagon yard business is not any more a nuisance *per se* than is a building for a livery stable, a steam gin, a planing mill, a railway depot and the tracks connected therewith.' Citing *Durfey* v. *Thalheimer*, (85 Ark. 544, 109 S. W. 519) *supra;* *Terrell* v. *Wright*, 87 Ark. 213, 112 S. W. 211, 19 L. R. A., N. S. 174; *Swaim* v. *Morris, supra; Lonoke* v. *C., R. I. & P. Ry. Co., supra.* It was there further said: 'This court has recently held that it will not enjoin the erection of a structure that is not a nuisance *per se. Swaim* v. *Morris,*

*supra.* It has also held that it will not demolish a structure by mandatory injunction nor prevent the prosecution of a business that is not *per se* or necessarily a nuisance.' . . . 'This court is in line with those cases, and they are numerous, which hold that ordinarily an injunction will not be granted unless the act or thing threatened is a nuisance *per se*. When it may or may not become a nuisance according to circumstances, or when the injury apprehended is doubtful or contingent, equity will not interpose in advance to prevent by injunction'."

The above declarations of law, as announced in the Moore-Wallis case, were reaffirmed in the case of *Clark* v. *Hunt*, 192 Ark. 865, 95 S. W. 2d 558. And, again, in *Buckner* v. *Tillman*, 195 Ark. 149, 110 S. W. 2d 1060, where it was held that the erection of a cotton gin was not a nuisance *per se* and might be operated in such a manner as not to become a nuisance, this court said: "The general rule of law is that courts of chancery will not enjoin the erection of buildings to be used for conducting businesses not nuisances *per se;* or, to state it differently, courts of chancery will not enjoin the erection of buildings in which to conduct businesses that may be conducted or operated without becoming nuisances, in advance of the erection of the buildings. This court said in the case of *Murphy* v. *Cupp*, 182 Ark. 334, 31 S. W. 2d 396, that: 'The rule is well-settled that no injunction will be issued in advance of the structure, unless it be certain that same will constitute a nuisance'."

So in the instant case, since the proposed erection of the saw mill and planer mill in question does not constitute a nuisance *per se,* the erection and operation will not be enjoined unless they should be so operated as to, in fact, become a nuisance.

Finding no error, the decree is affirmed.