FENTRESS *v.* SICARD.

Opinion delivered March 3, 1930.

174

*Hardin & Barton,* for appellant.

*Daily & Woods,* for appellee.

KIRBY, J., (after stating the facts). The authorities are well nigh uniform in holding that a mortuary or undertaking establishment of the kind complained of here is not a nuisance *per se.* It may become a nuisance, however, by reason of its location in a residential district or from the manner in which it is operated. In 46 C. J., p. 726, it is said: "An undertaking establishment or funeral parlor is not a nuisance *per se,* but by reason of surrounding circumstances it may become a nuisance. It may constitute a nuisance by reason of its location, as, for instance, under particular circumstances, when it is located in a residential district, notwithstanding, it has been held, it does not directly affect the health or grossly offend the physical senses; but it is more frequently held that the mere location in a residential section is not sufficient to make such an establishment a nuisance." If the

district of the location was an exclusively residential one, its intrusion therein would ordinarily constitute a nuisance, and could be prevented by injunction. Change is the order of time however, that progress and development may not be hindered or obstructed, and the transition from a residential district into a business district is recognized and has been effected. The great preponderance of the testimony herein shows, that the establishment of the mortuary upon the site selected would enhance the value of the surrounding property as business property, and would not detract from its value for residential purposes, for which it had long since fallen into disuse, so far as new or further development is concerned. The chancellor did not find there would be any depreciation of value in the property because of the location of the mortuary, or that the health or comfort of the residents in the vicinity would be at all imperiled or likely destroyed by the operation of the mortuary there, but held only that its location could not but be a continuing reminder of death, (the dead being there), necessarily producing discomfort and depression of spirit of all people residing within the sight of it, without regard to its proper operation, and the appearance and setting of the modern structure. Its operation would be a necessary business, of course, and since the testimony shows the transition of the district from residential to business has so far progressed, that the property there will be rather enhanced in value because of its location than depreciated in any respect for residential purposes, it would not constitute a nuisance that should be prevented or suppressed by injunction.

The chancellor's finding otherwise is contrary to the preponderance of the testimony, and the decree must be reversed and the cause remanded with directions to dismiss the complaint for want of equity. It is so ordered.