### Buckner v. Tillman.

4-4861

Opinion delivered December 13, 1937.

*John Baxter* and *Ed Trice,* for appellants.

*J. R. Parker, J. N. Wills* and *W. R. Donham,* for appellees.

HUMPHREYS, J. The officers and certain members of the New Hope Baptist Church, who are appellants herein, brought this suit against appellees in the chancery court of Chicot county to restrain them from erecting a cotton gin on block 8 of W. G. Streett's Addition to Lake Village near the New Hope Baptist Church and Cemetery alleging that the noise, dust and confusion,

resulting from its operation will irreparably injure or damage the church property and annoy and disturb the congregation when conducting religious services.

Certain individual property owners in the vicinity of the proposed gin site, who are also appellants herein, intervened alleging that their property will be injured or damaged if said gin is permitted to be erected and operated.

Other parties intervened, who are also appellants herein, in behalf of the Lake Village Protestant Cemetery, alleging that, if the gin is erected, during its operation the cemetery property will be littered with waste cotton, lint, motes, etc., thrown off from said gin, and thereby damaged.

All appellants alleged that they had no adequate remedy at law, and prayed that appellees be enjoined from erecting and operating said gin on the proposed site.

Appellees responded to the complaint and interventions denying the material allegations contained in the complaint and interventions alleging that the gin will be so constructed as to make practically no noise and so as to prevent the escape of cotton, lint, motes and dust.

The trial of the cause resulted in a denial of an injunction and the dismissal of the complaint and interventions, from which is this appeal.

The record reflects that the proposed site of the gin is 100 feet from the church house and near the center of the industrial district of Lake Village; that there are several other gins in the district, the nearest one to the church being about 400 feet; that situated in this industrial district are oil storage houses, a freight depot, railroad switch yards, a stave mill, a horse and mule barn, cotton yards, a scrap iron yard and a few small residences in rather a dilapidated condition.

A number of witnesses testified on behalf of appellants the gins made plenty of noise, scattered cotton, lint and motes around and threw dust out that would settle on adjacent property and that a large number of wagons and trucks loaded with cotton and hauling cotton away

gathered about them and that all together the noise, dust, etc., was annoying and tended to disturb the people residing in the vicinity and would disturb a congregation and would injure and damage adjacent property as well as property located in the vicinity.

The testimony on the part of the appellees was to the effect that the gin to be erected will be a 1937 model type of gin known as the Lummus system of cotton gins, housed in a steel structure throughout; that it has a dust room into which all the dust, motes and particles from both the cotton and cotton seed are blown, none of which is allowed to escape and to scatter in the air; that the gin will be operated with a six-cylinder Twin City Diesel Engine so muffled that it will run without making scarcely any noise, not enough noise to interrupt a conversation in an ordinary tone in the engine room; that in the operation of the gin there will be no noise or escaping dust, lint, cotton or motes that will disturb a congregation in a church located 100 feet from the gin site; that the gin will not be operated on Sundays.

The general rule of law is that courts of chancery will not enjoin the erection of buildings to be used for conducting businesses not nuisances *per se;* or, to state it differently, courts of chancery will not enjoin the erection of buildings in which to conduct businesses that may be conducted or operated without becoming nuisances, in advance of the erection of the buildings.

This court said in the case of *Murphy* v. *Cupp,* 182 Ark. 334, 31 S. W. 2d 396, that: ''The rule is well-settled that no injunction will be issued in advance of the structure, unless it be certain that same will constitute a nuisance.''

In that case this court quoted from Joyce on Nuisances, p. 226, as follows: ''The erection of a building to be used for certain business will not be restrained on the ground of anticipating nuisance therefrom where it is not necessarily a nuisance but may become one under some circumstances. The anticipated injury being contingent and possible only, the court will refrain from interfering.''

This rule has been approved and confirmed in the cases of *Jones* v. *Little Rock Boys' Club,* 182 Ark. 1050, 34 S. W. 2d 222; *Moore* v. *Wallis,* 191 Ark. 551, 86 S. W. 2d 1111. It has also been said, in substance, by this court that the erection of buildings in which to conduct or operate businesses not *per se* nuisances might become nuisances in exclusively residential districts whereas they would not necessarily be so regarded or treated in business districts. *Fentress* v. *Sicard,* 181 Ark. 173, 25 S. W. 2d 18; *Jones* v. *Little Rock Boys' Club, supra.*

Since the erection of the gin in the instant case is not a nuisance *per se* and may be operated in such a manner as not to become a nuisance, the rule that chancery courts will not issue an injunction in advance of the structure, but will leave complainants free to assert their rights thereafter if the contemplated use results in a nuisance, is applicable and controlling in the instant case. Especially is this so in view of the undisputed fact that the gin is to be erected in the center of the industrial district of Lake Village. Under the evidence in this case, it would be impossible for the court to determine in advance that the erection and operation of the gin would become a nuisance in view of the fact that it is to be located in the center of this particular industrial district in Lake Village.

The decree is affirmed.