KIMMONS *v.* BENSON.

4-9740 · 247 S. W. 2d 468

Opinion delivered March 31, 1952.

·*Lem C. Bryan* and *Warner & Warner*, for appellant.

*Edgar E. Bethell,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by three residents of Fort Smith to enjoin the defendants from constructing a sixteen-lane bowling alley in the vicinity of the plaintiffs' homes. The chancellor, finding that the operation of the bowling alley would be a nuisance at its proposed location, enjoined the erection of the building. For us the pivotal issue is whether the bowling alley will so surely constitute a nuisance that even its construction should be prohibited.

The property lies in Sunnymede Addition, which was platted in 1942. The addition, consisting of several acres, is bounded on the south by "O" Street, a busy thoroughfare. By the bill of assurances most of the addition was dedicated to residential purposes, but a 470-foot strip along "O" Street was designated as a business area.

It is in this area that the appellants plan to construct and operate the bowling facilities in question. The appellees' homes are just north of this commercial area, the nearest of their lots being across an alley from the site of the proposed building. The bowling hall will front on "O" Street, and its rear wall will be forty-eight feet from the back of the closest house.

At the trial the plaintiffs undertook to prove that this place of recreation will be objectionably noisy, that its activities will continue until midnight or later, and that the noise within the building will be augmented by conversation and the sound of starting cars as the patrons leave late at night. The defendants submitted proof that the proposed building has been carefully designed to contain the noise made by the games in progress, that the traffic on "O" Street is already heavy, and that bowling establishments in other residential districts have not proved to be nuisances.

Reviewing the evidence *de novo,* we do not feel able to say with assurance that the appellants' bowling alley will certainly amount to a nuisance in the neighborhood. It may, as the appellees' proof indicates, prove to be a serious annoyance to residents in the vicinity, but on the other hand it may turn out to be a harmless place of amusement that will not be noticed by these appellees and their neighbors. In these circumstances equity ought not to prohibit the erection of the building. Such a prohibition is permissible only when the preponderance of the testimony shows that the activity is certain to be a nuisance. *Murphy* v. *Cupp,* 182 Ark. 334, 31 S. W. 2d 396; *Buckner* v. *Tillman,* 195 Ark. 149, 110 S. W. 2d 1060. In the *Buckner* case we refused to enjoin the erection of a cotton gin in a residential area because there was doubt that it would prove to be a nuisance, and for the same reason we have declined to stay the installation of a sawmill. *Eddy* v. *Thornton,* 205 Ark. 843, 170 S. W. 2d 995. The case at bar falls in this category, the evidence leaving us with serious doubts as to whether the bowling hall will be as objectionable as the appellees would have us believe.

It is also contended that the bill of assurances for Sunnymede Addition forbids the operation of an enterprise of this kind. In the bill of assurances there appears, among a number of restrictions expressly applicable to the residential lots in the addition, this sentence: "No noxious or offensive trade or activity shall be carried on upon any lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood." We do not think this language was intended to apply to the two blocks that are zoned for commercial purposes. In addition to the fact that the sentence is preceded and followed by residential restrictions only, we should expect the author of the bill of assurances to express his intention very clearly if he meant to dedicate these two blocks to business uses and later to place nice restrictions upon the type of business permitted. To say the least, the application of the quoted sentence is ambiguous, and it is more reasonable to believe that its purpose was to prevent the carrying on of objectionable commercial activity in the residential area. This, too, has been the practical construction followed in the past, as the commercial district already contains a filling station, grocery store, cleaning plant, and other commercial facilities that might be thought to be an annoyance to the neighborhood.

We conclude that the decree in this case should be reversed and the cause dismissed. The appellants may, at their own risk, proceed with construction, but our action is without prejudice to the appellees' right to file another suit if the bowling alley becomes a nuisance.