**CITY OF AMARILLO, Appellant,**

v.

**W. A. MADDOX, Appellee.**

No. 6665.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 17, 1956.

Rehearing Denied Dec. 29, 1956.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

Simpson, Clayton & Fullingim, Amarillo, for appellee.

MARTIN, Justice.

Appellee, W. A. Maddox, as owner of the Nat Ballroom, obtained a temporary injunction restraining appellant, City of Amarillo, from enforcing ordinance No. 1527, known as the "Dance Hall Ordinance." The ordinance in issue fixed a license fee of $200 on "Class A-1 Dance

Halls." A "Class A-1 Dance Hall" was defined in the ordinance as one having "two thousand square feet or more of floor space provided for dancing and sitting." The ordinance further provided for a scaled license fee based on the decreasing amount of floor space in the dance halls as classified. The Nat Ballroom contained floor space classifying it under the ordinance as a "Class A-1 Dance Hall." The city sought to collect the license fee of $200 required under its ordinance as a prerequisite to the operation of appellee's dance hall. Appellee obtained a temporary injunction restraining the collection of the fee and the city appealed from the order of the trial court.

Appellant's Point two is as follows:

"The Trial Court abused its discretion in enjoining Appellant from enforcing its Dance Hall Ordinance because there is neither pleading nor evidence in this record of any fact to raise the issue of constitutionality ruled on by the Court."

Contra to this point of error appellee presents the issue that the asserted license fee of $200 is in fact an occupation tax instead of a license fee and that since such occupation tax as levied by the city exceeds one half the tax levied by the state on the hall, the said ordinance is in violation of the constitution of the State of Texas and the statutes regulating occupation taxes. If the $200 license fee is in fact an occupation tax rather than a license fee pertaining to the regulation of the operation of appellee's dance hall, it must be conceded that the ordinance is void in that the uncontroverted record reveals that said sum of $200 exceeds one half of the tax levied by the state. Article 8, Section 7, Vernon's Ann.St. Texas Constitution and Article 7047a–19 and Article 7048, Vernon's Texas Civil Statutes. But, this proposition as presented by appellee does not effect a solution of the issue here or

sustain the validity of the trial court's judgment holding the ordinance in issue to be void and unconstitutional. To sustain such issue it must be initially established that the license fee of $200 is an occupation tax and not a license fee.

In City of Fort Worth v. Gulf Refining Co., 125 Tex. 512, 83 S.W.2d 610, 618 [7], the Supreme Court set forth the following distinguishing features for determining whether a fee fixed by ordinance should be classified as a license fee or an occupation tax:

"As to the reasonableness of a license fee, the rule is that the sum levied cannot be excessive nor more than reasonably necessary to cover the costs of granting the license and exercising proper police regulation; or, as stated in another way, the sum levied should bear some reasonable relationship to the legitimate object of the licensing ordinances."

In the above cause with relation to the principle here in issue the Supreme Court further declared the following rule with reference to establishing whether the sum as exacted was a regulatory license fee or a tax on the filling stations involved in the cited cause:

"The cost to the city of exercising its police control over gasoline stations has not been either ascertained or estimated. The burden was not on the city to show what it actually did in this respect. The legal presumption that the exaction is reasonable relieved the city of that task."

It is a reasonable presumption that the cost of policing a dance hall with 2,000 square feet of floor space would exceed the cost of policing a dance hall with 500 square feet of floor space, or less. Under the record before this court, it cannot be correctly ruled that the fee of $200 was excessive or more than was reasonably necessary to cover the cost of granting the license and of exercising proper police regulation over the dance hall owned by appellee. At least, the present record does not reflect that the fee of $200 was so excessive or the ordinance so clearly a revenue measure as to establish that the ordinance was a tax measure rather than a regulatory measure. City of Fort Worth v. Gulf Refining Co., supra; Reed v. City of Waco, Tex.Civ.App., 223 S.W.2d 247, Syl. 10–14, writ refused; Dodgen v. Depuglio, 146 Tex. 538, 209 S.W.2d 558, Syl. 8–11. Appellant's Point Two is sustained.

The judgment of the trial court is reversed and the cause remanded.