City of NEWPORT *v.* Marvin EMERY, Floyd ROBINSON and Gary FINLEY (Appellees); James DOUTHIT, Troy HARMON, Pank SMITH, Eugene TURNER, Amos MAYHUE and Laura FOLK (Intervenors)

77-115                                    559 S.W. 2d 707

Opinion delivered December 19, 1977
(Division I)

*Bowie, Carlyle & Erwin*, by: *Harold Erwin*, for appellant.

*Pollard & Cavaneau*, for appellees and intervenors.

GEORGE HOWARD, JR., Justice. This appeal involves the question of whether the lower court correctly found by a preponderance of the evidence and upon competent evidence that the construction of a sanitary landfill by the City of Newport constitutes a nuisance, in fact, of a private nature.

## THE FACTS

This action was instituted by Marvin Emery, Floyd Robinson and Gary Finley against the City of Newport to enjoin the continued construction of a sanitary landfill project approximately sixteen miles south of Newport near the village of Coffeeville, Arkansas. The site of the landfill is on the side of a hill in a wooded area. In testifying about the distance of the landfill site from appellee Robinson's home, Mr. Robinson stated:

> ". . . my house is approximately half a quarter from the beginning of the landfill where they started putting up their fence. If I got in my car and drove to the landfill it would be 200 yards from my house to the beginning of the fill."

Petitioners alleged in their complaint, *inter alia,* that the proposed site of the landfill is in an area that constitutes a natural drain; and that petitioners' property and residences are located at a lower elevation near the base of the hill and as a consequence, petitioners would be adversely affected by contaminates, pollutants and leachate[1]; that the landfill will

---

[1]Leachate is water getting into the decaying garbage either through overflow from upstream area or a rainfall and leachating the material out of the decaying garbage.

serve as a breeding place for insects, vermin and disease. Petitioners alleged that such conditions would constitute a nuisance per se; and that petitioners would suffer "special damages and damages to their real property."[2]

Subsequently, petitioners amended their petition to allege, among other things, ". . . the landfill . . . will cause dimunition in the value of their property." The appellant, City of Newport, denied the contention of the petitioners.

James Douthit, Troy Harmon, Pank Smith, Eugene Turner, Amos Mayhue and Laura Folk, residents and land owners in the area of the proposed sanitary landfill, intervened as party petitioners.

## TRIAL COURT'S FINDINGS

After hearing the evidence, the trial court rendered the following finding and decree:

"Now finally as stated, I think I stated, the court expressly does not find that this type of sanitary landfill is a public nuisance, but would make a finding it is well designed landfill appropriate and needed. The specific finding is solely that it is a private nuisance to Floyd Robinson who is a party to the case because the court is satisfied that Mr. Robinson would suffer damages to the market value of his home by the establishment of the landfill . . ."

The trial court's decree, in part, provides:

". . . the landfill proposed to be utilized by the City of Newport at the location alleged in the pleadings constitutes a private nuisance as to plaintiff Floyd Robinson because of its effect in *substantially diminishing the value of his property*. (Emphasis added)

3. Defendant in this action should therefore, be enjoined from further construction or operation of a sanitary landfill on the site set forth in the pleadings."

---

[2]Petitioners did not pray for monetary damages in their initial petition nor in their amended petition.

## THE DECISION

Reviewing the evidence *de novo,* we are not persuaded that appellant's sanitary landfill will certainly amount to a nuisance in the neighborhood. Perhaps, the landfill may, as appellees' proof indicates, prove to be a serious annoyance to the residents in the vicinity, but on the other hand, it may turn out to be harmless.

Appellees' real estate appraiser who offered testimony to establish appellees' claim of diminution in property values, testified on cross examination as follows:

> ". . . The basis of my opinion that the public would fear the landfill is because of the possibilities of various things that might happen in their minds although that may not actually occur. I have never appraised a landfill . . . I have no experience at all on my own personal knowledge as a real estate appraiser in appraising lands near landfills . . . "

The evidence presented by appellees to establish the claim of diminution in property values is, at best, uncertain, speculative, conjecturable and insubstantial. Indeed, time and experience have demonstrated the futility of predicating human affairs upon the quicksand of conjecture, speculation and unsupported fears. Moreover, the construction of a jailhouse or a service station in an essentially residential area may cause a depreciation in property values, but not a nuisance. Indeed, more is required to establish a nuisance than a bare assertion of a depreciation in property values. In the circumstances surrounding the issues in this case, equity ought not to intervene and prohibit the construction of the sanitary landfill. Such a prohibition is permissible only when the preponderance of the testimony shows that the activity is certain to be a nuisance. *Kimmons* v. *Benson,* 220 Ark. 299, 247 S.W. 2d 468; *Cooper* v. *Whissen,* 95 Ark. 545, 130 S.W. 703.

The trial court in concluding that an injunction should be entered in this action enjoining the City of Newport from proceeding further with the construction of the sanitary landfill relied principally upon the case of *Arkansas Release Guidance Foundation* v. *R. J. Needler,* 252 Ark. 194, 477 S.W. 2d 821,

where this Court sustained the trial court's finding that the circumstances established a private nuisance and accordingly, an injunction was issued. However, the factual situation in *Needler* is to be distinguished from the facts in the instant case. In *Needler*, this Court found the chancellor's finding that the operation of a half way house for parolees and prisoners constituted a private nuisance was not against the preponderance of the evidence. The testimony established the diminution of property values attributable to the operation of the home, the real and reasonable fear and apprehension by nearby residents for their safety, coupled with the inclusion of a sex offender as a resident, and incidents involving the use of alcohol by one parolee. Moreover, the resultant injury to nearby property and residents was certain, substantial and beyond speculation and conjecture.

We conclude that the trial court's decree in this case should be reversed and the cause dismissed. The appellant may, at its own risk, proceed with construction, but our action is without prejudice to the appellees' right to file another suit, if the sanitary landfill becomes a nuisance.

Reversed and dismissed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.