Herbert and Joyce MILLER, et al. *v.* Bromislaw
JASINSKI, et al.

CA 85-60                                         705 S.W.2d 442

Court of Appeals of Arkansas
Division II
Opinion delivered March 12, 1986

132

*John W. Beason*, for appellants.

*Sandra L. Burns*, for appellees.

GEORGE K. CRACRAFT, Chief Judge. The appellants are

landowners whose residences were located adjacent to and in the vicinity of a sanitary landfill operated by the appellees. The appellants brought this action alleging that the appellees' collection and burial of garbage and industrial and hazardous waste, and use of heavy equipment, created obnoxious odors and excessive noises which interfered with the ordinary use of their properties. Appellants also alleged that they were damaged by diminution of property values and by the loss of use of their properties. They alleged that the operation of the landfill was both a public and private nuisance and prayed that its operation be abated by injunction, and for damages for the diminution of their property values. The appellees answered, denying that any hazardous waste had been placed on the property, asserting that it was in full compliance with all rules and regulations of the Department of Pollution Control and Ecology, that it operated under a permit issued by the agency, and denying all other allegations of the complaint. At the conclusion of the five day trial the chancellor filed a written opinion in which he discussed the evidence presented by both sides and found all of the controverted issues in favor of appellees. The complaint was dismissed on the chancellor's conclusion that the operation of the landfill did not constitute a public or private nuisance.

Appellants bring this appeal contending that the chancellor erred in not finding the operation to be a public or private nuisance, in refusing introduction of evidence of an intended expansion of the landfill, and in refusing to award damages. We find no error.

At the trial the appellants offered evidence that the operation of the landfill was within an exclusively residential area and caused obnoxious odors, excessive noises, littering of the highways, and the creation of a traffic hazard. There was testimony that a change in land contour resulted in an increase in run-off of surface water onto their lands and that the burial of hazardous waste, and failure to adequately control the burial, contributed to appellants' discomfort and created a fear that their water supply would become contaminated by decaying waste. The appellees' witnesses testified that the landfill was operated under well-controlled conditions and regulations, did not generate offensive odors, litter, noise, or undue increases in traffic, and that the conditions of which the appellants complained did not exist and

were not likely to occur in the future as a result of the operation of the landfill. There was also evidence that the opinions of appellants' experts as to the effects of the landfill on appellants' property had no reasonable basis. There was testimony that the area was a typical rural community, consisting of scattered private dwellings, with interspersed commercial business enterprises and two operating gravel pits.

A nuisance is defined as conduct by one landowner which unreasonably or unlawfully interferes with the use and enjoyment of the lands of another and includes conduct on property which disturbs the peaceful, quiet, and undisturbed use and enjoyment of nearby property. Equity will enjoin the conduct which culminates in a private or public nuisance where the resulting injury to the nearby property and residents, or to the public, is certain, substantial, and beyond speculation and conjecture. The distinction between private and public nuisance is simply the extent of the injury, i.e. the number of the persons suffering the effects of the nuisance. *City of Newport* v. *Emery*, 262 Ark. 591, 559 S.W.2d 707 (1977); *Ark. Release Guidance Foundation* v. *Needler*, 252 Ark. 194, 477 S.W.2d 821 (1972).

In his thirty page memorandum the chancellor found (with one exception to be hereinafter discussed) all of the controverted allegations in favor of the appellees and concluded that the operation of the landfill did not constitute a nuisance. While chancery cases are reviewed *de novo* on the record, the findings of a chancellor will not be overturned unless they are found to be clearly against a preponderance of the evidence. ARCP Rule 52(a). Since the question of a preponderance of the evidence turns largely on the credibility of the witnesses, this court defers to the superior position of the chancellor to determine the credibility of the witnesses and the weight to be given their testimony. *Bohannon* v. *Bohannon*, 12 Ark. 296, 675 S.W.2d 850 (1984).

The trial of this case lasted more than five days, during which over forty lay and expert witnesses testified and numerous documents and exhibits were introduced. A recitation of all of the conflicting evidence would unduly lengthen this opinion. Suffice it to say that from our review of the record we cannot conclude that the chancellor's finding that the operation of the landfill did not

constitute either a public or private nuisance is clearly against a preponderance of the evidence.

During the trial, some of the appellants testified that the operation of the landfill had diminished the value of their properties and offered expert testimony as to the extent of that diminution. While the appellees offered testimony that the landfill had no effect upon land values and that the expert's opinion as to the extent of the diminution had no reasonable basis in fact, the chancellor made no finding on the issue of diminution of values. The appellants contend that absent such a finding the chancellor's conclusion that there was no nuisance is clearly erroneous. Appellants argue that even though the chancellor found on conflicting evidence that the activity conducted by appellees did not interfere with the use and enjoyment of their property, the depreciation in property value standing alone makes the activity constitute a nuisance which should be abated and forms the basis for an award of damages. We do not agree.

The chancellor found that the appellees' operation of the landfill in a rural setting, under a permit issued pursuant to law, was not an illegal activity and hence not a nuisance per se. He further found that the landfill was operated under controlled conditions which did not result in an unreasonable interference with the peaceful use and quiet enjoyment of neighboring lands and was therefore neither a public or private nuisance. It is well settled that a landowner may make such use of his property as he chooses so long as he does not unlawfully or unreasonably interfere with or harm his neighbor. It is only the unreasonable use or conduct by one landowner which results in unwarranted interference with his neighbor which constitutes a nuisance and is subject to abatement. If the lawful use of one's property does not create a private or public nuisance, that use cannot be enjoined merely because it renders a neighboring property less valuable. If there is no public or private nuisance created by the use of the property, no recovery of damages or relief by abatement is warranted for the diminution of value of property by the lawful and reasonable use of the lands of a neighbor. The harm or damage which becomes actionable or subject to abatement is that which results from an illegal or unreasonable activity which becomes a nuisance. *Winget* v. *Winn-Dixie Stores, Inc.*, 242 S.C. 152, 130 S.E.2d 363 (1963); *Bader* v. *Iowa Metropolitan Sewer*

*Co.,* 178 N.W.2d 305 (Iowa 1970); *Continental Oil Co. v. City of Wichita Falls,* 42 S.W.2d 236 (Tex. Com. App. 1931); *City of Amarillo v. Maddox,* 297 S.W.2d 750 (Tex. Civ. App. 1956); 66 C.J.S. *Nuisances* § 19 at 771 (1950).

■ The appellants argue that *Mitchell* v. *Bearden,* 255 Ark. 888, 503 S.W.2d 904 (1974) compels an opposite conclusion. The opinion in *Mitchell,* and those in *Blair* v. *Yancy,* 229 Ark. 745, 318 S.W.2d 589 (1958) and *Powell* v. *Taylor,* 222 Ark. 896, 263 S.W.2d 906 (1954) which preceded it, make it clear that our courts now treat mortuaries which intrude into exclusively residential areas as an exception to the general rule that in order to constitute a nuisance the intrusion must result in physical harm (as distinguished from unfounded fear of harm) which must be proven to be certain, substantial, and beyond speculation and conjecture. In *Powell,* the court stated the decisions on which it relied were not based on a finding that the operation of a funeral parlor within an exclusively residential area was physically offensive, but on the premise that its continued suggestion of death and dead bodies tends to destroy the comfort and repose sought in home ownership. In *Mitchell* and *Powell,* it was the nature and location of the business rather than the manner in which it was operated that constituted the nuisance. *Blair* makes it clear that the mortuary exception to the general rule is restricted to exclusively residential areas and does not extend to rural or residential areas which are in a state of transition to a business district. All three cases limit the exception to mortuaries.

Here the activity objected to was the operation of a sanitary landfill rather than a mortuary. Although the manner of operation of an otherwise legal activity within a predominately residential area can constitute an abatable nuisance, the chancellor expressly found that the landfill was not operated in such a manner as to cause unreasonable harm to adjacent owners and that the area in which it was located was a rural one "with farm lands and scattered housing."

■ The appellants next contend that the chancellor erred in refusing to accept evidence of a proposed expansion of the landfill across the highway from its present location, which they argue would have brought the landfill operation even closer to the residential property of some of the appellants. We find no merit in

this contention for several reasons. The issue of the proposed expansion of the landfill was not raised as an issue in any of the pleadings. ARCP Rule 15 permits amendments to pleadings and amendments to conform to the proof, but that rule vests broad discretion in the trial court to allow or refuse to allow such amendments and the exercise of that discretion will be sustained unless it is manifestly abused. *Kay* v. *Economy Fire & Casualty Co.*, 284 Ark. 11, 678 S.W.2d 365 (1984). Appellants have not pointed out in their argument and we have not found in the abstract that a proffer of the evidence sought to be introduced was made. Unif. R. Evid. 103(a)(2) provides that error may not be predicated upon a ruling which excludes evidence where the substance of the evidence sought to be introduced is not made known to the court by offer or apparent from the context in which the questions were asked.

▮ A contemplated move and expansion of the landfill is an event to occur in the future. Abatement by injunction is permissible only when a preponderance of the testimony shows that the activity is certain to be a nuisance. *City of Newport* v. *Emery, supra*; *Kimmons* v. *Benson*, 220 Ark. 299, 247 S.W.2d 468 (1952). Without knowing what the evidence would have disclosed we cannot determine whether it might have established that the activity was certain to be a nuisance or that the effects of such a move were not based upon speculation and conjecture.

▮ The appellants finally contend that the chancellor erred in refusing to award damages to the adjacent landowners for the continued operation of the landfill by balancing the equities. In view of our affirmance of the chancellor's determination that the activities did not constitute a nuisance, we do not address this issue. Damages could be awarded only in the event that the activity was determined to constitute a nuisance.

Affirmed.

COOPER and CLONINGER, JJ., agree.